UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASHON JOHNSON, on their own behalf
and on behalf of all similarly situated
individuals and CHARLES MCGILL, on
their own behalf and on behalf of all
similarly situated individuals,

     Plaintiffs,

v.                           CASE NO.: 8:16-cv-905-EAK-UAM

G&G ELECTRIC SERVICE, INC., a
Florida corporation and TERESA K.
MOORE, individually,

     Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants, G&G ELECTRIC SERVICE, INC. and TERESA K. MOORE, by and through their undersigned counsel, hereby files this their Answer and Affirmative Defenses to Plaintiffs' Complaint and state as follows:

### ANSWER AND AFFIRMATIVE DEFENSES

1.    Admitted only for jurisdictional purposes only; otherwise, denied.

2.    Admitted only for jurisdictional purposes only; otherwise, denied.

3.    Admitted only for jurisdictional purposes only; otherwise, denied.

### Parties

4.    Admitted only for jurisdictional purposes only; otherwise, denied.

5.    Admitted.

6.    Admitted only that Plaintiffs were employed as laborers by G&G Electric; otherwise, denied.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LASHON JOHNSON, on their own behalf
and on behalf of all similarly situated
individuals and CHARLES MCGILL, on
their own behalf and on behalf of all
similarly situated individuals,

      Plaintiffs,

v.                               CASE NO.: 8:16-cv-905-EAK-UAM

G&G ELECTRIC SERVICE, INC., a
Florida corporation and TERESA K.
MOORE, individually,

      Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants, G&G ELECTRIC SERVICE, INC. and TERESA K. MOORE, by and through their undersigned counsel, hereby files this their Answer and Affirmative Defenses to Plaintiffs' Complaint and state as follows:

### ANSWER AND AFFIRMATIVE DEFENSES

1.    Admitted only for jurisdictional purposes only; otherwise, denied.

2.    Admitted only for jurisdictional purposes only; otherwise, denied.

3.    Admitted only for jurisdictional purposes only; otherwise, denied.

### Parties

4.    Admitted only for jurisdictional purposes only; otherwise, denied.

5.    Admitted.

6.    Admitted only that Plaintiffs were employed as laborers by G&G Electric; otherwise, denied.

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

## Statutory Coverage Allegations

7.    Denied.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Admitted only that Defendant Moore was President and C.E.O. of G&G Electric during the relevant time period; otherwise, denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Admitted.

## Common Allegations

21.    Admitted.

22.    Without knowledge; therefore, denied.

23.    Without knowledge; therefore, denied.

24.    Denied.

25.    Denied.

26.    Denied.

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

27.    Admitted.

28.    Admitted.

29.    Admitted.

30.    Denied.

31.    Denied.

32.    Without knowledge; therefore, denied.

## COUNT I - FLSA Retaliation

33.    Without knowledge; therefore, denied.

34.    Defendants re-assert and reallege their responses to paragraphs 1 through 32 above.

35.    Defendants neither admit nor deny as this matter is of public record.  Specifically, Defendants leave Plaintiffs to their proofs.

36.    Defendants neither admit nor deny as this matter is of public record.  Specifically, Defendants leave Plaintiffs to their proofs.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

Defendants specifically deny that Plaintiffs are entitled to the relief and damages requested in the Wherefore Clause.

## COUNT II - TITLE VII - Discrimination

41.    Without knowledge; therefore, denied.

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

42.    Defendants re-assert and reallege their responses to paragraphs 1 through 40 above.

43.    Without knowledge; therefore, denied.   Specifically, Defendants leave Plaintiffs to their proofs.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Without knowledge; therefore, denied.

52.    Without knowledge; therefore, denied.

53.    Without knowledge; therefore, denied.

Defendants specifically deny that Plaintiffs are entitled to the relief and damages requested in the Wherefore Clause.

## COUNT III - TITLE VII - Discrimination

54.    Without knowledge; therefore, denied.

55.    Defendants re-assert and reallege their responses to paragraphs 1 through 53 above.

56.    Defendants re-assert and reallege their responses to paragraphs 1 through 53 above.

57.    Denied.

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Without knowledge; therefore, denied.

63.     Without knowledge; therefore, denied.

64.     Without knowledge; therefore, denied.

Defendants specifically deny that Plaintiffs are entitled to the relief and damages requested in the Wherefore Clause.

## COUNT IV -§ FCRA Discrimination

65.     Without knowledge; therefore, denied.

66.     Defendants re-assert and reallege their responses to paragraphs 1 through 64 above.

67.     Defendants re-assert and reallege their responses to paragraphs 1 through 64 above.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Without knowledge; therefore, denied.

72.     Without knowledge; therefore, denied.

73.     Without knowledge; therefore, denied.

Defendants specifically deny that Plaintiffs are entitled to the relief and damages requested in the Wherefore Clause.

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

## COUNT V - § FCRA - Retaliation

74.    Without knowledge; therefore, denied.

75.    Without knowledge; therefore, denied.

76.    Defendants re-assert and reallege their responses to paragraphs 1 through 73 above.

77.    Defendants re-assert and reallege their responses to paragraphs 1 through 73 above.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Without knowledge; therefore, denied.

84.    Without knowledge; therefore, denied.

85.    Without knowledge; therefore, denied.

86.    Without knowledge; therefore, denied.

Defendants specifically deny that Plaintiffs are entitled to the relief and damages requested in the Wherefore Clause.

## COUNT VI -§ 1981 - Discrimination

87.    Without knowledge; therefore, denied.

88.    Defendants re-assert and reallege their responses to paragraphs 1 through 86 above.

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

89.     Without knowledge; therefore, denied.   Specifically, Defendants leave Plaintiffs to their proofs.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

Defendants specifically deny that Plaintiffs are entitled to the relief and damages requested in the Wherefore Clause.

### COUNT VII -§ 1981 - Retaliation

95.     Without knowledge; therefore, denied.

96.     Defendants re-assert and reallege their responses to paragraphs 1 through 94 above.

97.     Defendants re-assert and reallege their responses to paragraphs 1 through 94 above.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

Defendants specifically deny that Plaintiffs are entitled to the relief and damages requested in the Wherefore Clause.

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to Plaintiffs' Complaint, it is hereby requested that said Complaint be dismissed with prejudice, and the Defendants, G&G ELECTRIC SERVICE, INC. and TERESA K. MOORE, should be awarded its taxable costs and any other relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Answering further, and by way of defense, Defendant states as follows:

### First Affirmative Defense.

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense.

Upon information and belief, Plaintiffs' claim for damages is barred, in whole or in part, because they failed to reasonably mitigate their damages.

### Third Affirmative Defense.

Any actions undertaken with regard to Plaintiffs were taken for lawful and legitimate business reasons.

### Fourth Affirmative Defense.

Plaintiffs' claims and/or damages are barred on the grounds that even if any decision concerning Plaintiffs was based, in part, on grounds of unlawful discrimination or harassment, Defendant would have reached the same decision based on other legitimate and non-nondiscriminatory reasons.

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

### Fifth Affirmative Defense.

Plaintiffs' claims are barred and/or limited by the After-Acquired Evidence Doctrine to the extent that discovery shows they engaged in misconduct prior to, during, after, or in connection with their employment, that otherwise would have resulted in their discharge, if such conduct were then known to Defendant.

### Sixth Affirmative Defense.

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### Seventh Affirmative Defense.

Defendant has made good faith efforts to prevent discrimination and harassment in the workplace, and thus cannot be liable for liquidated damages to the extent the challenged employment decisions were contrary to its efforts to comply with anti-discrimination anti-harassment and anti-retaliation statutes.

### Eighth Affirmative Defense.

Plaintiffs' claims are limited to those perfected through the timely filing of a Charge of Discrimination with the EEOC or FCHR, and Plaintiffs' claims are barred to the extent that they failed to fully exhaust their administrative remedies.

### Ninth Affirmative Defense.

Plaintiffs' claim for damages is barred by Defendant's exercise of reasonable care to prevent and correct promptly any alleged harassing behavior and because Plaintiffs unreasonably failed to take advantage of Defendant's preventative or corrective opportunities to otherwise avoid harm and/or because Defendant took prompt, remedial action with regard to any alleged harassment properly reported by Plaintiffs.

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

### Tenth Affirmative Defense.

Plaintiffs' claims may be barred in whole or in part by the doctrine of laces, estoppels, and/or waiver.

### Eleventh Affirmative Defense.

Plaintiff claims are barred because they failed to complain about a protected activity as defined by law, including any discrimination or retaliation.

### Twelfth Affirmative Defense.

Plaintiffs' claims for damages are barred because Defendant did not engage in any conduct that would rise to the level required to sustain an award of damages.  Had the alleged conduct of which Plaintiffs complained actually occurred, the Plaintiffs' claims would be barred to the extent that Plaintiffs welcomed, instigated, consented to, acquiesced in or otherwise waived objections to such conduct.

### Thirteenth Affirmative Defense.

Plaintiffs' claims for damages are barred because they were validly and legally terminated.

### Fourteenth Affirmative Defense.

Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fifteenth Affirmative Defense.

Plaintiffs' claims are barred to the extent that Defendant exercised reasonable care to prevent and correct promptly any harassing behavior.  Furthermore, Defendant asserts that Plaintiffs' claims fail as a matter of law as they were not subjected to discrimination or retaliation as defined by law.

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

### Sixteenth Affirmative Defense.

Plaintiffs' claims are barred to the extent Plaintiffs failed to take advantage of the preventative or corrective opportunities provided by Defendant.

### Seventeenth Affirmative Defense.

Plaintiffs' claims are barred to the extent that they failed to satisfy all requisite conditions precedent to filing said action.

### Eighteenth Affirmative Defense.

Plaintiffs cannot establish a *prima facie* retaliation case because they cannot establish that they were subjected to an adverse employment action.

### Nineteenth Affirmative Defense.

Defendant reserves the right to plead additional affirmative and other defenses as they become known through discovery.

### Twentieth Affirmative Defense.

Plaintiff has failed to state a claim pursuant to the Fair Labor Standards Act.

### Twenty-first Affirmative Defense.

Defendant's alleged actions or omissions were not the cause in fact or the proximate cause of the harm alleged by Plaintiffs.

### Twenty-second Affirmative Defense.

Plaintiffs' injuries and damages, if any, are unrelated to any actions or omissions on the part of Defendant.

### Twenty-third Affirmative Defense.

Defendant had legitimate, non-discriminatory business reasons for all actions taken with respect to Plaintiffs.

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

### Twenty-fourth Affirmative Defense.

Plaintiffs' claims are or may be barred or limited by the doctrines of waiver, estoppel, payment, release, consent, justification, accord and satisfaction and/or laches.

### Twenty-fifth Affirmative Defense.

To the extent Plaintiffs are deemed to be an employees as defined by the FLSA, which Defendant specifically denies, Plaintiffs are exempt from the overtime provisions of the FLSA and the state wage and hour laws.

### Twenty-sixth Affirmative Defense.

Plaintiffs were fully paid for all services provided to Defendant.

### Twenty-seventh Affirmative Defense.

At all times relevant hereto, Defendant acted without malicious intent and acted in good faith and with reasonable justification or belief in the legality and lawfulness of its actions.

### Twenty-eighth Affirmative Defense.

Plaintiffs' claims are barred or limited based upon Plaintiffs' own actions.

### Twenty-ninth Affirmative Defense.

If it is determined that Plaintiffs suffered damages, which Defendant specifically denies, Plaintiffs' damages are barred in whole or in part by the failure of Plaintiffs to mitigate their damages.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:

*Lashon Johnson and Charles McGill v. G&G Electric Inc. and Teresa K. Moore*
*Case No. 8:16-cv-905-EAK-UAM*
*(Defendants') Answer and Affirmative Defenses to Plaintiffs' Complaint*

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
*Attorneys for Defendants*

By: _____

PHILLIP J. HARRIS
Florida Bar No. 0044107
201 E. Kennedy Blvd., Suite 1100
Tampa, FL 33602
Telephone: 813-898-1800
Facsimile: 813-221-5026
Primary service email: pjharris@mdwcg.com
Second service email: dmnowlin@mdwcg.com

LEGAL/105032694.v1